Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Gabriel López Hiraldo<br><br>Recurrente<br><br>vs.<br><br>Departamento de Seguridad Pública (Negociado de la Policía de Puerto Rico)<br><br>Recurrida | KLRA202400684 | **REVISIÓN ADMINISTRATIVA** procedente del Negociado de la Policía de Puerto Rico<br><br>Caso Núm.: 2016-02-0772<br><br>2024CA001137<br><br>Sobre: Ascenso (Examen para Ascenso) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de enero de 2025.

Comparece ante nos, el señor Gabriel López Hiraldo (en lo sucesivo, Sr. López Hiraldo o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Resolución" emitida y notificada el 15 de noviembre de 2024, por la Comisión Apelativa del Servicio Público (en adelante, CASP o recurrida). Mediante dicha determinación, la CASP devolvió el caso a la Oficial Examinadora para que atienda la controversia de si, en efecto, alguna de las 8 preguntas impugnadas por el recurrente ya le había sido concedida en la puntuación final del examen.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el dictamen mediante los fundamentos que expondremos a continuación.

Número Identificador

SEN2025 _____

**I.**

El Sr. López Hiraldo, quien se desempeña como sargento de la Policía de Puerto Rico, tomó una prueba para ascenso al rango de Teniente Segundo. Mediante misiva fechada el 8 de diciembre de 2015, se le informó que no aprobó el examen pues, aunque logró acertar 51 preguntas, no alcanzó la puntuación mínima requerida de 56 preguntas correctas.

Inconforme con el resultado, el 29 de diciembre de 2015, el recurrente presentó una solicitud de revisión ante la Junta de Exámenes de la Policía de Puerto Rico, la cual confirmó su determinación inicial. En desacuerdo, el 12 de febrero de 2016, el Sr. López Hiraldo impugnó esta determinación ante la CASP.

Tras varios incidentes procesales, el 19 de abril de 2022,[1] la CASP emitió una "Resolución y Orden Parcial" declarando en rebeldía al Negociado de la Policía de Puerto Rico (NPPR). Fundamentó su determinación en el reiterado incumplimiento del NPPR con las órdenes emitidas por la agencia recurrida.[2] Dado a que el NPPR no presentó una solicitud de reconsideración ni inició un proceso de revisión de dicha determinación, esta advino final y firme.[3]

La vista adjudicativa se celebró el 18 de abril de 2024. El recurrente presentó prueba, incluyendo documentos y su propio testimonio. Por estar en rebeldía, al NPPR solo se le concedió oportunidad para interrogar al testigo. Asimismo, se les otorgó oportunidad a ambas partes para, de así desearlo, presentar sus respectivos memorandos de derecho.

Durante la audiencia, el representante legal del NPPR adujo que, tras un análisis de las preguntas impugnadas y el sistema de

---

[1] Notificada el 26 de abril de 2022.

[2] Según explicó la CASP, dicha agencia impuso una sanción económica al NPPR debido al incumplimiento reiterado de sus órdenes. Asimismo, advirtió que, de no satisfacerse dicha sanción dentro del plazo concedido, se procedería a anotar la rebeldía. Ante la persistencia en el incumplimiento, se procedió a registrar la mencionada rebeldía.

[3] Véase, Informe de la Oficial Examinadora a la pág. 8; apéndice pág. 20.

contestaciones, se percató que, de las 8 preguntas impugnadas, 6 de ellas ya le habían sido adjudicadas a su favor.  En términos sencillos, sostuvo que, como el resultado de 51 puntos obtenido por el recurrente en el examen ya incluía la puntuación de seis (6) preguntas impugnadas, la CASP solo debía examinar las otras dos (2) interrogantes.  Por su parte, el Sr. López Hiraldo afirmó que, desde que el caso comenzó en el 2016, ninguno de los cinco (5) abogados que ha tenido el NPPR había hecho ese planteamiento. Añadió que, no es hasta el momento de la vista y después de casi dos (2) años de estar en rebeldía que se pretende reabrir el caso y pasar prueba.  Esgrimió que el argumento del NPPR es uno tardío y que, por estar en rebeldía, sus alegaciones deben tomarse por ciertas.  La Oficial Examinadora que presidió la vista reconoció que, en los ocho (8) años que lleva el caso, nunca se había levantado ese argumento por parte del NPPR.  Destacó que el NPPR tuvo oportunidad y, en vista de que la "Resolución y Orden Parcial" del 19 de abril de 2022 es final y firme, no puede ahora levantar la rebeldía.

En vista de lo anterior, se llevó a cabo el proceso y, luego de aquilatada la prueba presentada, el 25 de junio de 2024, la Oficial Examinadora emitió un "Informe de la Oficial Examinadora" donde recomendó lo siguiente:

> *En conclusión, la parte apelante logró rebatir la presunción de corrección que ampara las decisiones de la Policía, a base de la prueba que presentó y que también obra en el expediente administrativo, en cinco (5) de las ocho (8) preguntas impugnadas. De esa manera corresponde que la Policía le adjudique los puntos aquí mencionados y eleve la puntuación del examen del apelante a cincuenta y seis (56), alcanzando así la nota de pase.*
>
> *Ante este cuadro y por los fundamentos antes expuestos, concluyo que el apelante aprobó el examen de ascenso al rango de Teniente II, alcanzando el mínimo de la puntuación requerida. Por consiguiente, López Hiraldo aprobó dicha prueba, el cual es un requisito indispensable para continuar con el proceso de ascenso y cumplir con las etapas requeridas para ello.*

[...]

*Conforme a lo anteriormente expuesto, recomiendo al panel a cargo de la evaluación del presente caso, declarar con lugar la presente apelación y ordenar a la Policía acreditar los puntos* [sic] *cinco (5) puntos concedidos en este informe luego de que el apelante logró probarlos en la vista, alcanzando así la nota de pase; y, ordenar que se continúe con el proceso de ascenso al Rango de Teniente Segundo...*

Efectuados los trámites procesales de rigor, el 15 de noviembre de 2024, la CASP emitió y notificó una "Resolución" mediante la cual el panel a cargo de la evaluación determinó no adoptar el "Informe de la Oficial Examinadora". En esencia, la CASP resolvió que "fue un error no admitir la referida evidencia",[4] refiriéndose al hecho de que "[l]a Oficial Examinadora no permitió [al NPPR] presentar la información conducente a probar que, en efecto, de las ocho (8) preguntas impugnadas por el [recurrente] le fueron adjudicadas a su favor seis (6). Lo anterior porque dicha parte se encontraba en rebeldía". Por esa razón, devolvió el caso para que la Oficial Examinadora determine si alguna de las ocho (8) preguntas impugnadas por el recurrente le fue concedida en la puntuación final del examen.

Insatisfecho con el dictamen, el Sr. López Hiraldo recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

*Erró la Honorable Comisión Apelativa del Servicio Público al devolverle el caso a la Honorable Oficial Examinadora*

*Erró la Honorable Comisión Apelativa del Servicio Público al entender que la Oficial Examinadora se equivocó al no permitirle a la parte apelada presentar prueba a su favor sobre las ocho preguntas que el apelante impugnó, de las cuales cinco le fueron adjudicadas a su favor, aun cuando la parte apelada estaba en rebeldía.*

**II.**

En nuestro ordenamiento jurídico, la revisión judicial es el mecanismo procesal disponible para quienes discrepen de una

---

[4] Véase, "Resolución" a la pág. 2; apéndice pág. 2.

determinación administrativa. *Buxó Santiago v. ELA,* 2024 TSPR 130, 214 DPR ___ (2024). Sin embargo, y como regla general, este recurso solo está disponible para solicitar la revisión de aquellas órdenes o resoluciones finales emitidas por una agencia. Sec. 4.2 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9672. En otras palabras, las órdenes o resoluciones interlocutorias que emite un organismo administrativo no son susceptibles de ser revisadas por los tribunales. *Íd.*

Aunque la LPAU no define expresamente lo que constituye una orden o resolución final, nuestro Tribunal Supremo ha expresado que éstas son aquellas "decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes". *Simpson y otro v. Cond. Coral Beach,* 2024 TSPR 64, 214 DPR ___ (2024), citando a *J. Exam Tec. Med. v. Elias et al.,* 144 DPR 483, 490 (1997). Es decir, una orden o resolución final es la que resuelve definitivamente todas las controversias ante la agencia y, por tanto, supone la culminación del trámite administrativo. *Miranda Corrada v. DDEC et al.,* 211 DPR 742 (2023).

Asimismo, la Sec. 4.2 de la Ley Núm. 38-2017, *supra,* recoge la llamada doctrina de agotamiento de remedios administrativos la cual, al igual que el requisito de finalidad, constituye una norma de autolimitación judicial cuyo propósito es evitar la intervención judicial a destiempo. *Simpson y otro v. Cond. Coral Beach, supra.*

Esta doctrina no es absoluta y admite excepciones. A esos efectos, la Sección 4.3 de la Ley Núm. 38-2017, 3 LPRA sec. 9673, establece lo siguiente:

> *El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de*

*derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.*

Por consiguiente, ante los supuestos antes mencionados, se justifica preterir el trámite administrativo y el tribunal podrá conceder el remedio solicitado. *A contrario sensu*, los tribunales deberán abstenerse de intervenir ante la ausencia de estas circunstancias. *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 851 (2008).

Aun cuando el requisito de finalidad y la doctrina de agotamiento de remedios no son equivalentes, lo cierto es que ambas doctrinas tienen un alcance análogo y, de ordinario, gozan de las mismas excepciones. *Simpson y otro v. Cond. Coral Beach*, *supra*. Por ende, a modo de excepción, es posible que una determinación administrativa que no es final sea revisable judicialmente.

**III.**

Como es sabido, las cuestiones relativas a la jurisdicción del tribunal deben resolverse con preferencia a cualesquiera otras. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022). En este sentido, corresponde a este Foro determinar, en primer lugar, si poseemos jurisdicción para entrar en los méritos del recurso presentado o si, por el contrario, procede su desestimación por prematuro.

Tras un análisis exhaustivo de la determinación recurrida, así como de la "Solicitud de Desestimación" presentada por el NPPR, determinamos que el recurso ante nuestra consideración es prematuro y, consecuentemente, carecemos de jurisdicción para entender en el mismo.

Como señalamos anteriormente, en el presente caso, la CASP emitió una "Resolución" mediante la cual determinó no adoptar el informe presentado por la Oficial Examinadora. En su lugar, devolvió el caso para que dicha funcionaria aclare si, en efecto, alguna de las ocho preguntas impugnadas por el recurrente ya fue adjudicada a su favor en la puntuación final del examen. Es decir, la CASP busca determinar si los 51 puntos obtenidos por el Sr. López Hiraldo en la prueba para ascenso al rango de Teniente Segundo incluyen alguno de los puntos que la Oficial Examinadora le concedió a su favor en el informe.

Evidentemente, la determinación recurrida es de carácter interlocutorio y, por tanto, no es susceptible de ser revisada judicialmente. La decisión cuya revisión se nos solicita no dispone del caso ante la CASP ni produce efectos sustanciales sobre las partes. En lugar de resolver todas las controversias ante la consideración de la agencia, el dictamen impugnado ordena la continuación del trámite administrativo.

Aun cuando el requisito de finalidad admite excepciones, el recurrente no nos ha puesto en posición de preterir el trámite administrativo. En ese contexto, este Tribunal de Apelaciones se encuentra impedido, por el momento, de conceder el remedio solicitado. Por tratarse de una solicitud de intervención judicial inoportuna, el recurso ante nos es prematuro y, por tanto, procede su desestimación.

Sin embargo, queremos destacar que este caso lleva casi una década dilucidándose ante el foro administrativo. Es fundamental recordar que los procesos administrativos deben ser ágiles y expeditos, orientados a una pronta solución de la disputa. En aras de garantizar la resolución definitiva de este asunto, la CASP deberá, dentro del término de **90 días** a partir de la notificación de esta determinación, resolver el caso en su totalidad.

Finalmente, debemos subrayar que el Sr. López Hiraldo no queda desprovisto de remedios legales. Una vez la CASP emita su resolución final y se dé por concluido el proceso administrativo, el recurrente podrá presentar nuevamente sus planteamientos ante este foro judicial. Como se ha resuelto, la desestimación de un recurso por prematuro permite su presentación en el momento oportuno. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 415 (2022).

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el señor Gabriel López Hiraldo, por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones